ANN GIFFORD v. M. E. ALEXANDER, Sheriff.

*Sheriff—Sale under several executions—Purchaser.*

Where a sheriff has five executions in his hands against the same defend-
ant and sells his lands under four of them but was restrained by in-
junction from selling under the other also, *it was held* that the latter
could not be called in to aid the title of the purchaser, nor the sheriff
be required to recite it in his deed.

(*Seawell* v. *Bank*, 3 Dev., 279; *Huggins* v. *Ketchum*, 4 Dev. & Bat., 414,
cited and approved.)

RULE upon a sheriff to show cause, &c., heard at Fall
Term, 1880, of MECKLENBURG Superior Court, before *Sey-
mour, J.*

In this case the plaintiff moved for and obtained a rule
upon the defendant, who, as sheriff of Mecklenburg county,
had sold certain lands under execution against one Sten-
house, to show cause why he should not execute her a deed
with correct recitals as to the executions in his hands at the
time of the sale, and under which, it is alleged, he actually
sold. In support of her motion, the plaintiff set forth in
an affidavit that the defendant, having in his hands several
executions against the said Stenhouse, returnable to spring
term, 1877, to wit, one under a judgment recovered by M.
L. Davis, at fall term, 1871, and then docketed, two under
justices' judgments in favor of Alfred Harshaw, docketed
on the 29th day of February, 1876, and two under justices'
judgments in favor of H. G. Springs, docketed on the 29th
day of March, 1876, endorsed on those in favor of Harshaw
and Springs as follows: " Levied this execution on the prop-
erty of J. E. Stenhouse, adjoining the property of R. G.
Spraggins, April 2nd, 1877, (signed) M. E. Alexander, sher-
iff," but made no endorsement on the Davis execution.
That on the 5th of March, 1877, the said sheriff advertised

the said land for sale in the following words: "I will sell for cash, at the court house door in the city of Charlotte, on Monday, the 2nd day of April, 1877, to satisfy executions in my hands for debt, and state and county taxes, the following described city property and land," (giving a description of the Stenhouse land amongst others.) That the Stenhouse land was sold under the said executions and in pursuance of said advertisement, when the plaintiff became purchaser at the price of five hundred dollars. She was ready and willing to comply with her bid by paying the purchase money and has offered to do so. That the defendant has refused to make her a deed for the land as having been sold under the Davis execution, but offered to give a deed under the Harshaw and Springs executions, which she is unwilling to take. That subsequent to the docketing of the Davis judgment, but prior to the Harshaw and Springs judgments, said Stenhouse executed a mortgage on said land, on which there is a balance due going to one Davidson. That after all the judgments were docketed, said Stenhouse gave another mortgage to said Davidson to secure a debt of some five thousand dollars. Thereupon she prays that the defendant in the motion may be required, as such sheriff, to execute to her a deed, reciting a sale under all the executions in his hands at the time of the sale, including the Davis one. In his answer to the rule, the defendant admits that the Harshaw and Springs executions were in his hands as set forth in the plaintiff's affidavit; and that he levied them upon the land of said Stenhouse, which, after advertisement, he sold, when the plaintiff became the purchaser; but he denies that he either levied, advertised under, or sold under the Davis execution. On the contrary he avers that after such execution came to his hands, and before any levy, advertisement or sale was made under any, he was restrained by injunction from proceeding under the Davis execution, and therefore he did not consider it as in

his hands, or act under it. There were many other allegations (*pro* and *con*) made by the parties as to the estate which the said Stenhouse had in the land, and questions raised as to its liability to sale under execution and his right to homestead therein, and His Honor below made several findings in regard to these matters. But as they are not material to the only point considered by the court, they are omitted from this statement. As to the sale by the sheriff, His Honor found as a fact in the case that he did not advertise and sell the land described under the Davis execution, but that he returned said execution to court with the endorsement of his action under it as follows: "No sale by reason of injunction," and that he sold only under the Harshaw and Springs executions. And thereupon His Honor refused the plaintiff's motion to compel the defendant as sheriff to execute a deed, as asked for, to which the plaintiff excepted and appealed.

*Messrs. P. D. Walker* and *Shipp & Bailey*, for plaintiff.
*Messrs. Bynum & Grier, Jones & Johnston, Walter Clark*, and *Hinsdale & Devereux*, for defendant.

RUFFIN, J. The plaintiff in the motion is precluded, by His Honor's finding of fact, from asserting further, that the defendant sheriff sold the Stenhouse land under the Davis execution. This being so, she can derive no support for her claim to the land, from that execution, as was decided in *Seawell* v. *Bank*, 3 Dev., 279. There, it was held that if a sheriff has several writs against the same defendant and fails to sell under one of them, that one cannot be called in to aid the title of a purchaser, who buys at a sale under the others. The circumstances of that case were very much stronger in favor of such a right in the purchaser, than those existing in the plaintiff's case, for there some portion of the money, raised by the sale, was applied to the omitted

execution. The principle which says that a sheriff, who sells under several writs, one of which is rightful and the others indifferent, can confer upon the purchaser a valid title, has no application to the plaintiff's claim; for that presupposes what does not exist in her case, a sale under *all.* Until the contrary is shown, a sheriff, who sells, is presumed to act under every power conferred upon him and existing at the time, as was said in *Huggins* v. *Ketchum,* 4 Dev. & Bat., 414; and in such case a mis-recital or a non-recital of his powers will not be permitted to prejudice the title of the purchaser. But this presumption of a sale under all *may be* shown to be untrue, and unfortunately for the plaintiff, His Honor finds it to be untrue in her case. If the defendant sheriff did not, in fact, act under the power given him by the Davis execution, he should not be permitted, and much less required, to recite that in his deed as one under which he proceeded; for apart from the question of untruthfulness involved, it might seriously complicate the rights of the plaintiff in that judgment.

We hold therefore that His Honor did right in denying the plaintiff's motion, and the order of the court below is affirmed.

No error.                                             Affirmed.